**BRYAN CAVE LLP**
LOUIS BONACORSI (*pro hac vice pending*)
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone:  (314) 259-2000
Facsimile:   (314) 259-2020

ADAM BREZINE (SBN: 220852)
560 Mission St., 25th Floor
San Francisco, CA 94105
Telephone:  (415) 675-3400
Facsimile:   (415) 675-3434
adam.brezine@bryancave.com

KERRY MOYNIHAN (SBN: 250571)
3161 Michelson Drive, Suite 1500
Irvine, CA  92612
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100
kerry.moynihan@bryancave.com

Attorneys for Defendants
*Citigroup Inc., Citibank, N.A.,
Citi Residential Lending, Inc., CitiMortgage,
Associates First Capital Corp.,
and CR Title Services*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS RANDALL, an individual; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITIGROUP INC., a Delaware Corporation; *et al.*,<br><br>Defendants. | Case No. 2:14-cv-00097-JAK-AGR<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Honorable John A. Kronstadt<br><br>Complaint Served: Dec. 12, 2013<br><br>HEARING DATE:<br>Date:  April 14, 2014<br>Time: 8:30 a.m.<br>Ctrm: 750, Seventh Floor<br>      Roybal Federal Building<br>      255 E. Temple St.<br>      Los Angeles, CA 90012 |

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     Introduction**

Plaintiffs' Motion to Remand is a transparent attempt at forum shopping and manipulation of their pleadings to avoid the jurisdiction of this Court, thereby avoiding a ruling on the Motion to Dismiss filed by Defendants. Plaintiffs do not and cannot dispute that this case was properly and timely removed. At the time they filed their lawsuit, Plaintiffs made a conscious decision to include a federal claim under the Sherman Act, knowing that they ran the risk that the Defendants would choose to litigate the claims in a federal forum. Contrary to Plaintiffs' assertions, Plaintiffs' consent to dismissal of their federal claim after removal—given solely in order to eliminate the federal claim—does not automatically defeat federal jurisdiction. The Motion to Remand should be denied.

**II.    Factual Summary**

Most of the Plaintiffs in this case filed a previous complaint in the Superior Court of California on May 3, 2012, which was removed to this Court on June 4, 2012. That complaint asserted many of the same claims and allegations against many of the same defendants. Plaintiffs voluntarily dismissed their prior suit on January 3, 2013, after defendants filed a motion to dismiss the second amended complaint.

Plaintiffs then filed their complaint in this action in the Superior Court of California on November 5, 2013, and again the action was properly and timely removed to this Court on January 6, 2014. Defendants filed their Motion to Dismiss on February 12, 2014. Plaintiffs now claim that they do not oppose Defendants' request for dismissal of Plaintiffs' Sherman Act claim (just one of many), and assert that the Court should now remand Plaintiffs' pendent claims to state court.

### III. Legal Argument

Plaintiffs' Motion to Remand asserts that "[h]aving sought dismissal of Plaintiffs' sole federal claim, Defendants are barred from alleging that removal is proper based on Plaintiffs' [Sherman Act claim]." Motion to Remand, 3:25-26. In support of their claim that remand is required, Plaintiffs cite to 28 U.S.C. §1447(c) for the proposition that "a district court is required to remand a case to State court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." Motion to Remand, 5:1-3. As discussed below, Plaintiffs' reliance on 28 U.S.C. §1447(c) is unfounded, as that statute only applies where the court lacked jurisdiction over the matter in the first instance. Where, as here, the Court properly had jurisdiction over the matter at the time of removal, the Court may exercise its discretion to retain jurisdiction over the state law claims following the dismissal of any federal claims. Further, as discussed below, Plaintiffs cannot belatedly manipulate their pleading simply to avoid the jurisdiction of this Court, as jurisdiction is analyzed on the basis of the pleadings at the time of removal.

#### A. Jurisdiction is Analyzed on the Basis of the Pleadings at the Time of Removal.

Plaintiffs' assertion that "this Court will no longer have federal question jurisdiction over this matter because the only basis for such jurisdiction has been eliminated" (Motion to Remand, 5:20-22) is without merit. If federal claims exist at the time of removal, a later amendment deleting all federal claims does not affect the federal court's subject matter jurisdiction, even though only state law claims remain. Jurisdiction is not analyzed after Plaintiffs have manipulated their complaint to avoid the jurisdiction of the federal court. Instead, "[j]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). "Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the

federal question upon which removal was based." *Id.* *See also Boelens v. Redman Homes, Inc.*, 759 F.2d, 504, 506-507 (5th Cir. 1985) ("'It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.'")

Here, there is no dispute that Plaintiffs' Complaint asserts a cause of action for price fixing based on violation of the Sherman Act, 15 U.S.C. § 1 *Et Seq*. *See* Complaint, Count 12. While Defendants believe that this claim, like all of Plaintiffs' claims, is improperly stated and entirely unfounded, it is unavoidably true that at the time of removal, Plaintiffs' Complaint contained a federal claim and sought relief under federal law. Plaintiffs' belated admission that they cannot state a claim for violation of the Sherman Act is, they apparently argue, the procedural equivalent of an amendment to their Complaint.[1] Because Plaintiffs "may not compel remand by amending a complaint to eliminate the federal question upon which removal was based," this Court should retain the action and rule on the pending motion to dismiss. *Sparta*, 159 F.3d at 1213.

### B. Plaintiffs' Reliance on 28 U.S.C. §1447(c) is Misplaced.

Relying on 28 U.S.C. §1447(c), Plaintiffs assert that "a district court is required to remand a case to State court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." Motion to Remand, 5:1-3. However, 28 U.S.C. § 1447(c) applies only where the federal court never had jurisdiction. Where, as here, the federal court initially had jurisdiction over the action, the court may exercise its discretion to retain jurisdiction. *Albingia Versicherungs A.G. v. Schenker Intern. Inc.*, 344 F.3d 931, 937-938 (9th Cir. 2003) (distinguished by *Fletcher v. Solomon*, C-06-05492 RMW, 2006 WL 3290399, 3 (N.D.Cal. Nov. 13, 2006). In *Albingia Versicherungs A.G.*, the court held that "if

---

[1] Defendants note that Plaintiffs have not taken steps to actually amend their Complaint, and so the Sherman Act claim remains.

4
SL01DOCS\4280165.2

state law claims are asserted as part of the same case or controversy with a federal claim, the district court has discretion to exercise supplemental jurisdiction over the remaining state law claims and the mandatory remand provision of the procedure after removal statute does not apply." The court noted that "[s]ection 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded. Once supplemental jurisdiction exists, it remains . . . ." *Id.* at 938. This Court would be well within its authority to retain supplemental jurisdiction over Plaintiffs' claims.

### C. The Court Should Exercise Its Discretion to Retain Jurisdiction.

Here, the Court should exercise its discretion to retain this action and rule on the pending motion to dismiss. "Although there is older authority to the contrary, the majority view is that a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat federal jurisdiction." *Boelens*, 759 F.2d at 507. In *Boelens*, the court explained the policy behind the general rule:

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff ... cannot be condoned.

*Id.*

The court further explained that "[t]he rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the

1  jurisdictional choice that Congress intended to afford a defendant in the removal
2  statute." *Id.*

3   Another court analyzing the issue of remaining pendent claims after
4  dismissal of all federal causes of action noted that "[w]hen deciding whether to
5  remand a case after the federal questions have been dismissed, the court should
6  consider 'principles of economy, convenience, fairness, and comity' and whether
7  the efforts of a party in seeking remand amount to a 'manipulative tactic.'"
8  *Payman v. Lee County Community Hosp.*, 338 F.Supp.2d 679, 682 (W.D. Va. 2004)
9  (Citations omitted). "More specifically, 'if the plaintiff has attempted to manipulate
10 the forum, the court should take that behavior into account in determining whether
11 the balance of factors to be considered under the pendent jurisdiction doctrine
12 support a remand in the case.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill* 484
13 U.S. 343, 357 (1998)). "When a plaintiff amends her complaint to remove all
14 federal claims for the sole purpose of divesting the federal court of jurisdiction, it is
15 proper to retain the case." *Id.*

16   Plaintiffs' "tactical manipulation" in this instance is particularly clear. In
17 their own words, Plaintiffs are voluntarily "conced[ing] to dismissal of the only
18 federally based claim, thereby effectively eliminating federal question jurisdiction."
19 Motion to Remand, 3:27-28. Such manipulative tactics should not be allowed.
20 Moreover, this is Plaintiffs' counsel's second time to file in state court, and fourth
21 iteration of a complaint seeking substantially the same relief on behalf of a virtually
22 identical group of plaintiffs. Since Defendants removed Plaintiffs' first suit,
23 Plaintiffs should have been keenly aware of the likelihood that Defendants would
24 again seek to remove Plaintiffs' suit, especially if the suit contained an express
25 federal claim. Plaintiffs' consent to dismissal of their federal claim is a transparent
26 attempt at forum-shopping and an attempt to thwart the second Motion to Dismiss
27 that Defendants have been forced to file.
28

6

SL01DOCS\4280165.2

1          Furthermore, consideration of "principles of economy, convenience, fairness, and comity" also weigh in favor of this Court retaining jurisdiction.  In terms of economy, this Court has already expended judicial resources on this case, by issuing an Initial Scheduling Order, issuing an Order Setting Rule 16(b) Scheduling Conference, issuing two Orders Continuing Defendants' Motion to Strike and Motion to Dismiss, issuing an Order Re: Briefing Schedule for Plaintiffs' Motion to Remand, and reviewing Defendants' Motion to Dismiss and Motion to Strike as well as the Motion to Dismiss and Motion to Strike of co-defendant ACC Capital Holding Corporation.  As for convenience and fairness, a review of the record shows that it would be more convenient for and fair to Defendants to have this Court rule on the Motion to Dismiss.  This is Defendants' second time around with motions to dismiss filed in this Court, which previously were met with a voluntary dismissal of all claims without prejudice.  If Plaintiffs are allowed to go back to state court, Defendants will be forced to file a third motion to dismiss.  Further, Plaintiffs have not, and cannot, reasonably assert that they will be inconvenienced by having this Court rule on Defendants' Motion to Dismiss—to which Plaintiffs have already filed their Opposition—or that it would be unfair to Plaintiffs to have this Court rule on the Motion to Dismiss, since Plaintiffs chose to assert a federal claim in their Complaint.  Lastly, with respect to comity, Defendants assert, and Plaintiffs do not contest, that this Court is competent to hear and rule on Plaintiffs' state law claims.

          The balance of the factors of economy, convenience, fairness, comity, and Plaintiffs' manipulative tactics weigh in favor of the Court retaining its jurisdiction over Plaintiffs' case.  The Court should exercise its discretion and rule on the pending Motion to Dismiss.

**IV.   Conclusion**

          When Plaintiffs included a federal cause of action in their Complaint, they ran the risk that Defendants would choose to litigate the claims against them in

federal court. Though Defendants have now filed two separate motions to dismiss, Plaintiffs now seek to go back to state court, where Defendants will be forced to file a third motion to dismiss. Plaintiffs cannot continue to waste the time and resources of this Court, the state court, and Defendants. Because Plaintiffs' belated consent to dismiss their claim based on the Sherman Act in order to eliminate the federal claim upon which removal was based is a blatant attempt to forum shop, and because principles of economy, convenience, fairness, and comity also weigh in favor of this Court retaining jurisdiction, Defendants respectfully request that this Court deny the Motion to Remand and rule on the pending Motion to Dismiss.

Dated: March 17, 2014  **BRYAN CAVE LLP**

By: */s/ Kerry Moynihan*
    Adam Brezine
    Kerry Moynihan
    Louis Bonacorsi
    Attorneys for Defendants

PROOF OF SERVICE
1013 A(3) CCP REVISED 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2386.

On <u>March 17, 2014</u>, I served the foregoing document described as **OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** on the interested party(ies) in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

☒ (CM/ECF NOTICE OF ELECTRONIC FILING) by causing such document listed above to be served through this Court's electronic transmission activities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

Vito Torchia , Jr    VTorchia@BrookstoneLaw.com,
                     fcanale@brookstonelaw.com,
                     nnunez@brookstonelaw.com

Sarah A Syed         ssyed@buchalter.com, vcarrera@buchalter.com

☐ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

9

SL01DOCS\4280165.2

| | |
|---|---|
| 1 | ☐ BY FACSIMILE: I communicated such document via facsimile |
| 2 | to the addressee as indicated on the attached service list. |
| 3 | ☐ BY FEDERAL EXPRESS: I caused said document to be sent |
| 4 | via Federal Express to the addressee as indicated on the attached service list. |
| 5 | ☐ (STATE) Executed on March 17, 2014, at Irvine, California. |
| 6 | ☒ (FEDERAL) I declare under penalty of perjury under the laws |
| 7 | of the State of California that the above is true and correct. |

*/s/ Raul Morales*

Raul Morales

SL01DOCS\4280165.2