**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00097 JAK (AGRx) | | Date | April 17, 2014 |
|---|---|---|---|---|
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE  DEFENDANT ACC CAPITAL HOLDINGS CORPORATION'S MOTION TO STRIKE ALLEGATIONS IN PLAINTIFF'S COMPLAINT (DKT. 7);

DEFENDANT ACC CAPITAL HOLDINGS CORPORATION'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT (DKT. 9);

DEFENDANTS ASSOCIATES FIRST CAPITAL CORP., CR TITLE SERVICES, CITI FINANCIAL, CITI HOLDINGS, CITI HOME EQUITY, CITI RESIDENTIAL LENDING, INC., CITIMORTGAGE, CITIBANK, N.A., AND CITIGROUP, INC.'S MOTION TO DISMISS (DKT. 18);

DEFENDANTS ASSOCIATES FIRST CAPITAL CORP., CR TITLE SERVICES, CITI FINANCIAL, CITI HOLDINGS, CITI HOME EQUITY, CITI RESIDENTIAL LENDING, INC., CITIMORTGAGE, CITIBANK, N.A., AND CITIGROUP, INC.'S MOTION TO STRIKE PARAGRAPHS OF COMPLAINT (DKT. 19);

PLAINTIFFS' MOTION TO REMAND (DKT. 21) **(JS-6)**

I.   **Introduction**

This action arises from the alleged misconduct by several banks and lending institutions in connection with mortgage loan transactions that occurred between 2003 and 2008. On November 5, 2013, 69 individual borrowers ("Plaintiffs") filed this action in Los Angeles County Superior Court ("Superior Court"); they named the following defendants: Citigroup, Inc., Citibank, N.A., Citi Residential Lending, Inc., Citi Holdings, Citi Mortgage, Inc. ("CMI"), Citi Financial (collectively, "Citi Defendants"); Associates

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00097 JAK (AGRx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | |

First Capital Corporation, Citi Home Equity, Argent Mortgage, ACC Capital Holdings ("ACC"), Ameriquest Mortgage Corporation ("AMC"), CR Title Services, Nationwide Appraisal & Title Services ("NATS"), Cal-Western Reconveyance Corporation, and Does 1 through 1000, inclusive (collectively "Defendants").[1] The Complaint advances 24 causes of action against all Defendants; 23 of them arise under California law. The final claim arises under the Sherman Act. 15 U.S.C. §§ 1, *et seq.* Dkt. 1, Exh. A. After Defendants removed the action, ACC and the Citi Defendants filed separate Motions to Dismiss (Dkt. 9, 18) and Motions to Strike (Dkt. 7, 19). Plaintiffs then filed a Motion to Remand. Dkt. 21.

On April 14, 2014, the Court conducted a hearing on all of the Motions, at which Plaintiffs' counsel failed to appear. For the reasons stated in this Order, the Court provisionally GRANTS Plaintiffs' Motion to Remand, subject to certain potential conditions. Consequently, the Motions to Strike and to Dismiss are MOOT.

**II.    Factual Background**

All 69 Plaintiffs reside in California. Each alleges that he or she borrowed money from one or more of the Defendants or from their respective subsidiaries, affiliates, successors or assigns. Plaintiffs allege that the borrowing occurred between January 1, 2003 and December 31, 2008. Compl. ¶ 22.

Plaintiffs allege that, in connection with Defendants' lending activities, they did the following: (i) made loans to homeowners expecting that the loans would go into default because the borrower(s) would not be able to repay them; (ii) failed to follow industry-standards as to the underwriting guidelines that they applied; (iii) concealed or misrepresented the terms of their loans to borrowers to induce consent; and (iv) engaged in a market-fixing scheme for the purpose of inflating the costs of loans to borrowers. *Id.* ¶ 3. Plaintiffs contend that, due to Defendants' alleged misconduct, Plaintiffs lost equity in their homes, received damaging credit ratings and suffered numerous other harms. Compl. ¶ 12.

Plaintiffs' Complaint contains general allegations and includes an Appendix with allegations specific to each individual Plaintiff. Both types of allegations are summarized below.

    A.    **General Allegations**

        1.    Placement of Borrowers into Loans

As noted, Plaintiffs allege that Defendants conspired to make loans to homeowners that they could not afford to repay. Compl. ¶ 87. In furtherance of this conspiracy, Plaintiffs allege that Defendants intentionally disregarded their own underwriting standards and falsified Plaintiffs' reported salaries and

---

[1] Many of these Plaintiffs were parties in a May 2012 complaint, which named several of these Defendants, and was filed in the Superior Court. *Randall et al v. Citigroup Inc. et al.*, Case No. BC483922. The defendants removed that action. *Randall et al v. Citigroup Inc. et al.*, Case No. 2:12-cv-04885-JAK. After two amended complaints were filed in that matter, Plaintiffs voluntarily dismissed it after Defendants filed certain motions to dismiss. Dkt. 18 at 3. See discussion in Section III, *infra.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-00097 JAK (AGRx) | Date | April 17, 2014 |
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | |

assets. *Id.* ¶¶ 92, 94. Plaintiffs allege that they relied on Defendants' false statements that Plaintiffs could "afford" the loans offered, and were damaged when they entered into loan agreements that they otherwise would not have entered. *Id.* ¶¶ 119, 129. Based on these factual allegations, Plaintiffs bring claims for fraudulent concealment, intentional misrepresentation, negligent misrepresentation, negligence, and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.

       2.      <u>Appraisal Inflation</u>

Plaintiffs allege that Defendants began falsely inflating and intentionally misrepresenting the appraised values of the real properties owned by Plaintiffs that would secure the challenged loans. *Id.* ¶ 190. According to Plaintiffs, Defendants bribed, harassed and coerced appraisers to induce them to inflate the stated values of the real properties during the lending process. *Id.* ¶ 198. Plaintiffs also allege that the Citi Defendants directed NATS, its wholly-owned appraisal subsidiary, to take similar actions. *Id.* ¶ 191. Plaintiffs allege that they relied on the appraisals and, as a result, entered loan agreements with the Defendants to which they would not otherwise have agreed. *Id.* ¶ 205. Based on these factual allegations, Plaintiffs bring claims for intentional misrepresentation, negligent misrepresentation, negligence, and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.

       3.      <u>Market Fixing</u>

Plaintiffs allege that the foregoing conduct was undertaken as part of an agreement among Defendants to fix certain prices in the real estate lending market. *See id.* ¶ 253. Plaintiffs contend that these allegations are unique because this scheme not only caused harm to Plaintiffs, but also resulted in a "vicious self-feeding exponential cycle," which caused a pricing bubble in the real estate market. *Id.* ¶ 258. Based on these factual allegations, Plaintiffs bring claims for fraudulent concealment, negligence, price fixing in violation of the Sherman Act, 15 U.S.C. §§ 1 *et seq.*, and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.

       4.      <u>Loan Modifications</u>

Some of the 69 Plaintiffs allege that Defendants deceived them during the process of modifying certain loans. These Plaintiffs allege that Defendants induced them to sign "Trial Payment Plans" ("TPPs"), which purported to offer permanent loan modifications or an opportunity to cure loan defaults. *Id.* ¶ 310. However, Plaintiffs allege that the TPPs were used not to carry out a good faith effort to modify the terms of existing loans, but to extract payments from borrowers whose properties would be subject to foreclosure proceedings that certain Defendants already had planned. *Id.* ¶ 311. Plaintiffs allege that, through this conduct, certain Defendants breached the duty of good faith and fair dealing when they foreclosed on properties without first giving the owners an opportunity to cure the default in accordance with the terms of the TPPs. *Id.* ¶ 318. Based on these factual allegations, Plaintiffs bring claims for violations of Cal. Code Civ. Proc. § 580B and § 726, fraudulent concealment, intentional misrepresentation, negligent misrepresentation, rescission of contract, breach of contract, violations of Cal. Civ. Code § 2994G and §1788, and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00097 JAK (AGRx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | |

     5.    <u>Intentional Unauthorized Foreclosures</u>

Another sub-group of Plaintiffs alleges that certain Defendants intentionally foreclosed on their properties without having an ownership interest in the underlying promissory notes or deeds of trust. *Id.* ¶ 407. These Plaintiffs allege that such foreclosures were conducted to collect "foreclosure fees," including inspection fees, default fees, late fees, advance fees, attorney fees and trustee fees. *Id.* Based on these factual allegations, Plaintiffs bring claims for wrongful foreclosure and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.

    **B.**    **Allegations as to Individual Plaintiffs**

An Appendix is attached to the Complaint that sets forth particular allegations with respect to individual Plaintiffs. Plaintiff. Dkt. 1, Exh. A, App. A. Each Plaintiff alleges that a Defendant or another entity engaged in some or all of the conduct described above in entering into loan agreements with that Plaintiff. The identities of each Plaintiff, the loan consultants with whom each interacted and the lenders as shown on the respective Notes and Deeds of Trust, along with the dates of the alleged conduct, and the addresses of the subject properties, are summarized in the following table:

| **Plaintiff** | **Loan Consultant** | **Date** | **Property** | **Lender** |
|---|---|---|---|---|
| Douglass and Lolita Randall | Jay Rhodes | Nov. -Jan. 2006 | 10373 Santa Street Santee, CA 92701 | CMI |
| Manuel Sedillos | Loan Consultant[2] | June- Aug. 2006 | 24728 Mill Valley Way Carson CA 90745 | CMI |
| Michelle Rogers | Bob Melian | Mar. – May 2006 | 1951 West 235th Street Torrance, CA 90501 | CMI |
| Antonio and Donna Hernandez | Vincent Fuentes | July 2006- Sept. 2006 | 4612 Highland Street Montclair, CA 91763 | Citicorp Trust Bank |
| Lauro and Amalia Roberto | Loan Consultant | Feb. – Apr. 2009 | 1194 South Lucerne Boulevard Los Angeles, CA 90019 | Coast2Coast Funding Group |
| Vincent and Lorraine Lombardo | Towfic Dalou | June – July 2006 | 12320 Royal Oaks Drive Rancho Cucamonga, CA 91739 | Quick Loan Funding |
| Shirley Coffey | Loan Consultant | Mar. – May 2008 | 5143 Conrad Avenue San Diego, CA 92117 | Resource Lenders, Inc. |
| Dina Garay | Loan Consultant | Apr. – June 2007 | 3966 Camellia Drive San Bernardino, CA 92404 | Fieldstone Mortgage Co. |
| James Fortier | Nellie Melian | Feb. – Mar. 2007 | 2255 Santa Fe Avenue Torrance, CA 90501 | CMI |
| Angel Diaz | Loan Consultant | Oct. –Nov. 2006 | 11944 Oakwood Drive Fontana, CA 92337 | Decision One Mortgage |
| Alice Shiotsugu | Bobik Melian | Apr. – June 2006 | 28652 Roan Road Rancho Palos Verdes, CA 90275 | CMI |
| Vincente Pineda | Loan Consultant | Mar. –May 2007 | 1432 Murchison Street Los Angeles, CA 90033 | Fieldstone Mortgage Co. |

---

[2] For entries listing "loan consultant," the name of the loan consultant was not provided in the Complaint.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00097 JAK (AGRx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | |

| | | | | |
|---|---|---|---|---|
| Jerry Rogge | Loan Consultant | Oct. – Nov. 2004 | 9756 Ivanho Street Spring Valley, CA 92199 | Citi |
| Michael Shaffer | Loan Consultant | Feb. – Apr. 2008 | 23490 Old Ranch Road Alpine, CA 91901 | CMI |
| Victoria Arcadi and Deborah Becker | Loan Consultant | Dec. – Mar. 2005 | 4000 Meridian Boulevard #323 Mammoth Lakes, CA 93546 | Citi |
| Yousef and Linat Lazarian | Loan Consultant | Fed. – Apr. 2007 | 15624 Meadow Drive Canyon Country, CA 91387 | CMI |
| Diana Bogdan | Loan Consultant | Sept. – Nov. 2006 | 9038 Ashcroft Avenue West Hollywood, CA 90048 | CMI |
| Shila Ardalan | Michelle Alvorado | Feb. – Apr. 2007 | 465 Puerto Del Mar Pacific Palisades, CA 90272 | CMI |
| George Chripczuk | Loan Consultant | Apr. – June 2007 | 15817 Mariposa Drive Fontana, CA 92336 | Fieldstone Mortgage Co. |
| Robert and Licet Ornelas | Loan Consultant | Feb. – Apr. 2005 | 13420 Mystic Street Whittier, CA 90605 | CMI |
| Amie Gaye and Kevin Curtis | Dio Kapitan | July – Sept. 2007 | 12668 Chapman Avenue #2212 Garden Grove, CA 92840 | DHI Mortgage Co. |
| Steven Chau and Biyun Situ | Loan Consultant | Aug. – Oct. 2008 | 33648 Spring Brook Circle Temecula, CA 92592 | CMI |
| Robert Ganos | Loan Consultant | Jan. – Mar. 2005 | 3 Staghorn Irvine, CA 92618 | National City Bank |
| Reggie Winans | Loan Consultant | Aug. – Oct. 2007 | 2851 San Francisco Avenue Long Beach, CA 90806 | Millennium Mortgage Corp. |
| Clementa and Andrew Esparza | Loan Consultant | Oct. – Dec. 2006 | 4204 Epsilon Street San Diego, CA 92113 | Crestline Funding Corp. |
| Gerardo and Beatriz Michel | Loan Consultant | Nov. 2005– Jan. 2006 | 2626 East Norm Place Anaheim, CA 92086 | Mega Capital Funding Inc. |
| Li Huang | Loan Consultant | Jan. – Mar. 2008 | 453 East Walnut Avenue Glendora, CA | T.J. Financial, Inc. |
| Winston Offer | Erika Mansfield | Sept. – Nov. 2005 | 11829 Wilson Avenue Lynwood, CA 92060 | Ameriquest Mortgage Co. |
| Michael Backs and Susan Imel-Backs | Loan Consultant | Feb. – Apr. 2007 | 432 Empire Avenue Modesto, CA 95354 | CMI |
| John and Diana Featherstone | Loan Consultant | Apr. – June 2007 | 5047 West 21st Street Los Angeles, CA 90016 | Argent Mortgage Co. |
| Guillermo and Soledad Martinez | Loan Consultant | Mar. – Apr. 2006 | 2943 South Hobart Boulevard Los Angeles, CA 90018 | Citicorp Trust Bank |
| Pearline and James Gustafson | Loan Consultant | Aug. – Oct. 2007 | 3 Chois Laguna Niguel, CA 92677 | First Capital Group |
| Hector Pineda | Loan Consultant | Apr. – June 2007 | 913 Helena Street Anaheim, CA 92805 | ABN AMRO |
| Curtis and Kenna Melancon | Loan Consultant | Oct. – Dec. 2004 | 1678 West Recreo Plaza Anaheim, CA 92802 | Loancity.com |
| David and Gaviela Zamora | Loan Consultant | Aug. – Oct. 2006 | 15922 Arbury Street Hesperia, CA 92345 | AMC |
| Steven Johnson | Loan | July – Sept. | 18831 Barry Lane | American Brokers |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV14-00097 JAK (AGRx) | | | Date | April 17, 2014 |
|---|---|---|---|---|---|
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | | | |

| | Consultant | 2005 | Santa Ana, CA 92705 | Conduit |
|---|---|---|---|---|
| James Hughes | Loan Consultant | Feb. – Apr. 2008 | 1071 Florey Street Perris, CA 92571 | Centralbanc Mortgage Co. |
| Thomas and Kathy Bailey | Loan Consultant | Nov. 2005- Jan. 2006 | 4309 North Babigian Avenue Fresno, CA 93722 | Central Pacific Mortgage Co. |
| Lorenzo and Rosa Cabrera | Loan Consultant | Aug. – Oct. 2007 | 20526 Vendale Drive Lakewood, CA 90715 | CMI |
| Pedro and Lucina Quiroz | Loan Consultant | Nov. 2006- Jan. 2007 | 11503 Peach Street Lynwood, CA 90262 | CMI |
| Jaime Acre and Ana Garcia | Loan Consultant | Nov. 2007 – Jan. 2008 | 1047 W. 49th Street Los Angeles, CA 90037 | Advantix |
| Jose and Dolores Canchola | Loan Consultant | Oct. – Dec. 2006 | 9850 Giovane Street El Monte, CA 91733 | New Century Mortgage Co. |
| Trisha Hicks | Loan Consultant | Jan. – Mar. 2006 | 12724 Mesa Verda Victorville, CA 92392 | CMI |
| Horacio Ramos M. | Loan Consultant | Mar. – May 2005 | 2500 S. Salta Street 45 Santa Ana, CA 92704 | PacificBanc Mortgage, Inc. |
| Veronica Valadez | Loan Consultant | Aug. – Oct. 2006 | 13417 Sunshine Avenue Whittier, CA 90605 | Argent Mortgage Company, LLC |
| Debra Medford | Loan Consultant | Nov. 2006 – Jan. 2007 | 4223 Yacht Harbor Drive Stockton, CA 95204 | American Brokers Conduit |

### III.     Procedural Background

On May 3, 2012, many of the named Plaintiffs initiated an action against several of the present Defendants in the Los Angeles County Superior Court. *See Randall et al v. Citigroup, Inc. et al*, 2:12-cv-04885JAK, Dkt. 1, Exh. A. That complaint included many of the claims advanced in the present action, as well a claim for violations of the Truth in Lending Act, 12 U.S.C. § 1640 *et seq.* and 12 C.F.R. § 225.65. *Id.* On June 4, 2012, the defendants removed that case. It was assigned to this Bench Officer. *Id.*, Dkt. 1. After Defendants brought certain motions to dismiss, but before they were addressed by the Court, the parties entered stipulations pursuant to which the plaintiffs amended the complaint. *See id.*, Dkt. 27, 28, 37, 38. On January 3, 2013, the plaintiffs voluntarily dismissed the action. *Id.*, Dkt. 51.

Plaintiffs filed the present Complaint on November 5, 2013. Dkt. 1, Exh. A. On January 6, 2014, Defendants removed the action, which was assigned to this Bench Officer. Dkt. 1. ACC filed its Motions to Dismiss and to Strike on January 13, 2014. Dkt. 7, 9. The Citi Defendants filed their Motions to Dismiss and to Strike on February 12, 2014. Dkt. 18, 19. Plaintiffs filed their Motion to Remand on March 3, 2014. Dkt. 21. In that Motion, Plaintiffs stated that they would dismiss their Sherman Act claim. *Id.* at 6-7.

### IV.     Analysis

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00097 JAK (AGRx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | |

### A. Standards for the Exercise of Supplemental Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court has discretion to decline to exercise supplemental jurisdiction over a claim under Section 1367(a) if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see also Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).

In determining whether to exercise supplemental jurisdiction over pendent state law claims, a court should "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988). In considering these factors, courts may also consider whether plaintiffs have employed "manipulative tactics" such as dismissing federal claims in an attempt to forum shop. *Carnegie-Mellon*, 484 U.S. at 357; *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002). When a court determines that the exercise of supplemental jurisdiction is not appropriate, it may dismiss or remand the pendent state law claims. *Carnegie-Mellon*, 484 U.S. at 351-52.

Ordinarily, if no federal claims remain in an action prior to trial, "the balance of factors . . . will point toward declining the exercise of jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7; *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (it is the norm for a federal court to relinquish jurisdiction when "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought"); *Acri*, 114 F.3d at 1000.[3] However, the Ninth Circuit has emphasized, that this principle "has never meant that they *must* be dismissed" or remanded. *Acri*, 114 F.3d at 1000.

### B. Application

---

[3] *See also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court."); *Horne v. Wells Fargo Bank, N.A.*, 2013 WL 4807166, at *5 (C.D. Cal. Sept. 6, 2013) (when all federal claims are dismissed before trial, state claims should be dismissed as well); *Bay Area Surgical Management, LLC v. United Healthcare Ins. Co.*, 2012 WL 3235999, at *5 (N.D. Cal. Aug. 6, 2012) (when all federal-claims are dismissed, the balance of factors usually weighs in favor of remand).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-00097 JAK (AGRx) | Date | April 17, 2014 |
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | |

Defendants removed this action on the basis of federal question jurisdiction. Dkt. 1.[4] As noted, the Complaint presents 24 causes of action, 23 of which arise under California law. The sole federal claim is brought under the Sherman Act. Dkt. 1, Exh. A. Section 1 of the Sherman Act prohibits contracts, combinations or conspiracies that unreasonably restrain trade. 15 U.S.C. § 1. The Citi Defendants moved to dismiss the Sherman Act claim on the grounds that: (i) it was barred by a four-year statute of limitations; (ii) Plaintiffs failed to support their allegations that Defendants and NATS engaged in a "Market Fixing Scheme designed to inflate the property values of homes throughout California" or that NATS "systematically and wrongfully inflat[ed] the valuations of properties throughout California," Compl. ¶¶ 252, 258; and (iii) Plaintiffs failed to allege that the agreement injured competition or was an unreasonable restraint of trade. Dkt. 18 at 30-32. In response, Plaintiffs conceded that the Complaint does not sufficiently state a claim for violation of the Sherman Act. Dkt. 21 at 6-7; Dkt. 22 at 21.

Plaintiffs have not filed a First Amended Complaint. Nevertheless, Plaintiffs contend that, because they concede that the Sherman Act claim should be dismissed, this Court "no longer [has] federal question jurisdiction over this matter because the only basis for such jurisdiction has been eliminated." Dkt. 21 at 10. However, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Because of this rule, "a plaintiff may not compel remand [under 28 U.S.C. § 1447(c)] by amending a complaint to eliminate the federal question upon which removal was based." *Id.* Thus, notwithstanding Plaintiffs' stated intention to dismiss their Sherman Act claim, the Court must determine whether, under the factors set forth in *Gibbs* and *Carnegie-Mellon*, remand is appropriate under 28 U.S.C. § 1367(c).

      1.     Judicial Economy

Judicial economy is the "principal reason justifying remand" or dismissal of pendent state law claims. *Bernard v. Wells Fargo Bank, Nat. Ass'n*, 2012 WL 5187990 at *3 (E.D. Cal. Oct. 18, 2012); *Graf v. Elgin, J. & E. Ry.,* 790 F.2d 1341, 1347 (7th Cir.1986) ("Judicial economy [is] the essential policy behind the modern doctrine of pendent jurisdiction."). Under this principle, remand is less appropriate in cases where the trial date is close or where the district court has performed a substantial amount of legal analysis that the state court would have to repeat upon remand. *Bernard*, 2012 WL 5187990, at *3 (citing *Millar*, 236 F. Supp. 2d at 1116). By contrast, this factor favors remand when "federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Carnegie-Mellon*, 484 U.S. at 350; *see also Emrick v. Fujitec America, Inc.*, 2005 WL 162235, at *6 (N.D. Cal. Jan., 24, 2005) (remanding the action because "no trial dates have been fixed in this action…and substantial discovery has taken place at the state court level."); *Bay Area Surgical Management, LLC v. United Healthcare Ins. Co.*, 2012 WL 3235999, at *5 (N.D. Cal. Aug. 6, 2012) (declining to exercise supplemental jurisdiction over state law claims because "the federal claims were eliminated at the pleading phase").

---

[4] Federal question is the only tenable basis for jurisdiction. All of the Plaintiffs are California citizens; they allege that at least four Defendants are also California citizens. Compl. ¶¶ 35, 58, 60, 64. Defendants did not assert diversity or any other type of federal jurisdiction as an alternative.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00097 JAK (AGRx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | |

Here, the proceedings are at an early stage. Defendants have filed Motions to Dismiss and Motions to Strike. However, the Court deferred ruling on them while it addressed the issue of remand. The Citi Defendants argue that this Court already has expended judicial resources on this matter by issuing an Initial Scheduling Order, an Order Setting Rule 16(b) Scheduling Conference, issuing two Orders Continuing Defendants' Motion to Strike and Motion to Dismiss and issuing an Order regarding the Briefing Schedule for Plaintiffs' Motion to Remand. Dkt. 30 at 7. This position is unpersuasive. Each of the foregoing was a routine procedural step; none involved an analysis of the merits of Plaintiffs claims. Nor has the Court held an initial scheduling conference, or otherwise devoted significant resources to this action.

Under these circumstances, a remand would not be inefficient. Thus, it would not impose on the Superior Court the need to redo any substantive work; none has been performed by this Court. *Bernard*, 2012 WL 5187990, at *3;  *Millar*, 236 F. Supp. 2d at 1119 (judicial economy weighs in favor of remand because the court had only "expended modest effort in supervising this case…limited to holding two Case Management Conferences and issuing a pre-trial order."). For these reasons, this factor favors remand.

        2.      <u>Convenience and Fairness</u>

In examining convenience and fairness, courts should consider whether the state court is conveniently located, and whether it provides a fair forum to the parties. *Millar*, 236 F. Supp. 2d at 1120; *Chaffin v. Automated Finance Corp.*, 2009 WL 3088401, at *1 (S.D. Cal. Sept. 1, 2009).

This action was originally filed in the Los Angeles County Superior Court. Thus, remanding it to that court would not be inconvenient to the parties; both courts are located in Los Angeles. *Millar*, 236 F. Supp. 2d at 1120 (the "factors of convenience and fairness cut markedly in neither direction. Both forums are equally convenient to the parties because both the federal forum and the state forum…are located in the city of Oakland. The case…will be tried in Oakland regardless of the Court's decision on plaintiff's remand motion.").

Nor is there any showing that the Superior Court is not a suitable forum for the resolution of the disputed issues. And, there has been no showing that a remand of the action would result in an inordinate amount of duplicative work for the parties that cannot be addressed by a conditional dismissal of the Sherman Act claim. The Citi Defendants argue that, if the matter is remanded, Defendants would be required to modify and refile their motion to dismiss. Dkt. 30 at 7. However, the demurrer that they plan to file in the Superior Court would likely parallel the motion to dismiss that was filed here. Once again, there is no showing that a conditional dismissal of the Sherman Act claim could not address the costs of any duplicative efforts that Defendants would have to undertake in the Superior Court proceedings. Therefore, the remand will not substantially increase the burden on Defendants. *Accord Chaffin*, 2009 WL 3088401, at *1 ("Remanding the case to state court will not inconvenience Plaintiff, as she originally filed in state court. Although Defendants filed a motion to dismiss in federal court, much of the analysis in Defendants' papers should apply in a California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV14-00097 JAK (AGRx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | |

demurrer procedure."). For these reasons, the factors of convenience and fairness do not weigh in favor of this Court retaining jurisdiction over the action.

      3.     Comity

The application of the principle of comity weighs against exercising supplemental jurisdiction over Plaintiffs' 23 state law claims. Because Plaintiffs concede that their Sherman Act claim should be dismissed, they plan to proceed exclusively on their claims that arise under California law, including those for negligence, intentional misrepresentation and violations of Cal. Bus. & Prof. Code § 17200. The Superior Court has substantial expertise with respect to all of these claims.

Defendants argue that this Court is equally capable of evaluating these claims. Although there is force to this position, it is not a sufficient basis to maintain jurisdiction here. Thus, "as a matter of comity and to promote justice between the parties[] by procuring for them a surer-footed reading of applicable law," federal courts should avoid "needless decisions of state law." *Gibbs*, 383 U.S. at 726; *accord Horne v. Wells Fargo Bank, N.A.*, 2013 WL 4807166, at *6 (C.D. Cal. Sept. 6, 2013) ("Because only state law claims remain…they clearly predominate over any federal issues; as a result, principles of comity also suggest that remand is appropriate."); *Millar,* 236 F. Supp. 2d at 1119-20 (holding that comity heavily weighs in favor of remand because "it is still preferable…for state court judges to apply state law to plaintiff's state-law claims."); *Bernard v. Wells Fargo Bank, Nat. Ass'n*, 2012 WL 5187990, at *2 (E.D. Cal. Oct. 18, 2012) ("comity is enhanced where federal courts avoid 'needless decisions of state law.'").

      4.     Manipulative Tactics

"If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon*, 484 U.S. at 357; *Millar*, 236 F. Supp. 2d at 1120.

Defendants argue that Plaintiffs have engaged in such conduct. There is some evidence to support this position. Thus, many Plaintiffs, using the same counsel who brought this action, voluntarily dismissed their prior action after its removal to this Court. As a result, Defendants argue, with good reason, that Plaintiffs should have been "keenly aware of the likelihood that Defendants would again seek to remove Plaintiffs' suit" if the complaint included a federal claim. Dkt. 30 at 6.

Further, Plaintiffs have agreed to dismiss their sole federal claim in this action, but made this concession only after the case was removed. Dkt. 30 at 6. District courts addressed similar issues in *Millar* and *Emrick v. Fujitec Am., Inc.*, C-04-04514 MJJ, 2005 WL 162235 (N.D. Cal. Jan. 24, 2005). Both ultimately concluded that any alleged improper motive in dismissing a federal claim was not clearly the driving force behind the plaintiffs' actions.

Plaintiffs initially filed this action in the Superior Court, and then Defendants removed it. Thus, the dismissal of the federal claim by Plaintiffs does not reflect forum shopping in that Plaintiffs always sought to have their claims decided in the Superior Court. And, because the Court has yet to rule on any of the substantive motions or to conduct any substantive proceedings, Plaintiffs had no concrete

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00097 JAK (AGRx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | |

reason to conclude that a federal forum will be inhospitable to their claims. However, the timing of the proposed dismissal of the sole federal claim is problematic. It can best be interpreted as a decision designed to permit remand. And, one logical inference is that Plaintiffs may have elected to bring the Sherman Act claim while planning to discard it if the matter were removed.

In its Motion to Dismiss, ACC contends that Plaintiffs twice amended their complaint in *Randall et al v. Citigroup, Inc. et al*, 2:12-cv-04885JAK, and imply that the Court gave certain guidance about the content of the first and second amended complaints in that action. Dkt. 8 at 2. Similarly, at the hearing on the Motion to Remand, counsel for the Citi Defendants suggested that the plaintiffs in the prior suit dismissed that action after they perceived skepticism from the Court regarding the propriety of joining so many plaintiffs in a single action.  Both amended complaints in that action were filed pursuant to stipulations from the parties without any decisions by the Court or hearings on the motions to dismiss the prior complaints.  *See* Dkt. 27, 28, 37, 38. However, the Court conducted a scheduling conference at which joinder issues were discussed (Dkt. 34) and issued an order in which it declined to relate certain actions notwithstanding Plaintiffs contentions that they raised similar issues (Dkt. 39). Thus, Plaintiffs' prior dismissal of that action may have been, at least in part, in response to those statements by the Court.

Notwithstanding these suggestions of forum manipulation, the balance of the *Carnegie-Mellon* factors favor remanding. Thus, as discussed above, principles of comity and judicial efficiency favor remand, the Superior Court is equally convenient, and Defendants will not be unfairly prejudiced by a remand granted subject to the conditional dismissal of the Sherman Act claim.

*       *       *

In sum, the values of judicial economy, comity, fairness, and convenience are either neutral or weigh in favor of remand. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. Because this conclusion is premised on Plaintiffs' promised dismissal of their Sherman Act claim, this Order will not become effective until a request for the dismissal of that claim is presented to the Court. That claim will not be dismissed without the Court's approval pursuant to Civil Rule 15. *See Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("Rule 15 . . . governs the situation when a party dismisses some, but not all, of its claims.").

Furthermore, in light of the procedural history of this action and the prior one that was pending here before it was dismissed by certain of the Plaintiffs and their present counsel, in view of the costs Defendants claim to have incurred in bringing motions to dismiss both actions, in light of the failure of Plaintiffs' counsel to appear at the April 14, 2014 hearing on the Motion, and given Plaintiffs' last-minute decision to dismiss their Sherman Act claim, Defendants may propose appropriate conditions that to the approval of the requested dismissal of the Sherman Act claim. They may propose such conditions upon the filing of Plaintiffs' request for dismissal. *Id.* (district court, in its discretion, may impose conditions for granting voluntary dismissal of claims under Rule 15); *see also Firchau v. Diamond Nat. Corp.*, 345 F.2d 269, 275 (9th Cir. 1965).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-00097 JAK (AGRx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Douglas Randall, et al. v. Citigroup, Inc., et al. | | |

Plaintiffs shall file a request to dismiss the Sherman Act claim on or before April 23, 2014. Defendants shall file any response on or before April 30, 2014. Upon receiving Plaintiffs' request for dismissal and any response from Defendants, the Court will determine if a hearing will be required.

**V.      Conclusion**

For the foregoing reasons, the Court provisionally GRANTS Plaintiffs' Motion to Remand the action to the Superior Court. The remand order will not become effective until the Court enters an order granting the Plaintiffs' request to dismiss their Sherman Act claim. The Motions to Dismiss and to Strike are MOOT.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak