BUCHALTER NEMER
A Professional Corporation
KALLEY R. AMAN (SBN: 217337)
SARAH A. SYED (SBN: 253534)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Fax: (213) 896-0400
Email: kaman@buchalter.com

Attorneys for Defendant
ACC CAPITAL HOLDINGS CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS RANDALL, an individual, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> CITIGROUP, INC., a Delaware corporation, et al, <br><br> Defendants. | Case No. CV14-00097 JAK(AGRx) <br><br> **ACC CAPITAL HOLDINGS CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FOR ORDER FOR ADDITIONAL SANCTIONS AGAINST PLAINTIFFS' COUNSEL IN THE SUM OF $2,237.50; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **[Declaration of Sarah A. Syed and Proposed Order Concurrently Filed]** <br><br> Date: January 12, 2015 <br> Time: 8:30 am <br> Judge: Hon. John A. Kronstadt <br> Dept.: 750 |

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on January 12, 2015 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Hon. Judge John A. Kronstadt in Courtroom 750 of the above-entitled Court located at 312 N. Spring Street, Los Angeles, CA, Defendant ACC Capital Holdings Corporation ("ACC") will and hereby does move for an order: (1) compelling Plaintiffs' counsel's compliance with this Court's August 7, 2014 Minute Order ("Order") awarding $6,167.50 in

sanctions to ACC to be paid on or before September 4, 2014; and (2) awarding additional sanctions to ACC and against Plaintiffs' counsel in the sum of $2,237.50 for requiring this Motion.   Declaration of Sarah Syed, ¶9.   To date, Plaintiffs' counsel has failed to pay the sanctions as set forth in the Order and are willfully disobeying this Court's Order.

The Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Sarah A. Syed, all other pleadings on file with the Court in this matter and on any oral argument that the Court may consider at the hearing on the motion.

This motion is made following conference of counsel pursuant to Local Rule 7-3.  *See* Declaration of Sarah A. Syed.


DATED:  November  10, 2014          BUCHALTER NEMER
                                    A Professional Corporation


                                    By:  /s/Sarah A. Syed
                                         KALLEY R. AMAN
                                         SARAH A. SYED
                                         Attorneys for Defendant
                                         ACC CAPITAL HOLDINGS
                                         CORPORATION

## MEMORANDUM OF POINTS AND AUTHORITIES

As this Court may recall, Plaintiffs had initially pleaded a Sherman Act claim which was the basis of the Citi Defendants' removal of this action to the Central District of California. Plaintiffs filed a motion to remand in which they agreed to dismiss their Sherman Act claim, but their counsel did not show up for the hearing on the motion and then proceeded to ignore and violate many of this Court's orders. This Court ultimately dismissed the Sherman Act claim and remanded the case to state court as set forth in the Court's June 13, 2014 Minute Order.

The June 13, 2014 Minute Order also granted the Defendants' leave to request attorneys' fees and costs for Plaintiffs' repeated violations of this Court's orders. The Defendants did so and, on August 7, 2014, this Court issued a Minute Order granting the Defendants' Requests for Attorneys' Fees and ordering Plaintiffs' counsel to pay $6,167.50 in sanctions to ACC due to Plaintiffs' counsel's "inappropriate litigation tactics, fail[ure] to comply with court orders, and [causing] the opposing parties to incur unnecessary costs." *See* August 7, 2014 Minute Order, Docket No. 52.

Plaintiffs' counsel ordered to pay sanctions to ACC on or before September 4, 2014. *Id*. Plaintiffs' counsel failed to do so and, more than two months later, still have not paid. Declaration of Sarah A. Syed ("Syed Decl."), ¶2.

On September 12, 2014, ACC's counsel sent Plaintiffs' counsel a letter reminding him of the Court's sanctions order and the sanctions payment due to ACC. Syed Decl., ¶3, Ex. A. ACC did not receive a response.

On September 29, 2014, ACC's counsel sent Plaintiffs' counsel another letter reminding him of the overdue sanctions payment. Syed Decl., ¶4, Ex. B.

On October 3, 2014, Plaintiffs' counsel finally responded, claiming that he intended to file a motion with the Court the next week (the week of October 6, 2014) requesting that the sanctions order be vacated. Syed Decl., ¶5, Ex. C.

Plaintiffs' counsel never filed the motion.  Accordingly, on October 13, 2014, ACC's counsel followed up with Plaintiffs' counsel regarding the status of the motion.  Syed Decl., ¶6, Ex. D.  Plaintiffs' counsel responded that he was "working on it" but that he had "miss-calculated the amount of time and resources to prepare the motion and will be filing it as soon as possible." Syed Decl., ¶7, Ex. E.

To date, Plaintiffs' counsel has not filed any motion or paid the sanctions. Syed Decl., ¶8.  They are in violation of this Court's Order.

ACC therefore respectfully requests that this Court: (1) compel Plaintiffs' counsel to comply with the August 7, 2014 order by paying the sanctions to ACC in full, and (2) award additional sanctions against Plaintiffs' counsel in the amount of $2,237.50 for forcing ACC to file this motion for compliance.  Syed Decl., ¶9; Fed. R. Civ. Proc. 16(f) (the court may issue "any just orders" for failure to obey pretrial orders and, in addition, may order the party or its attorney to "pay the reasonable expenses- including attorney's fees- incurred because of any noncompliance" with Rule 16); *Mallinckrodt, Inc. v. Masimo Corp.,* 254 F. Supp. 2d 1140, 1156 (C.D. Cal. 2003) ("Rule 16(f) leaves the Court with great discretion in fashioning a remedy by allowing it to make such orders 'as are just.'"); *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991)(the court may assess attorney fees or other sanctions under its inherent power for the "willful disobedience of a court order.").

DATED: November 10, 2014

BUCHALTER NEMER
A Professional Corporation


By:  /s/ Sarah A. Syed
KALLEY R. AMAN
SARAH A. SYED
Attorneys for Defendant
ACC CAPITAL HOLDINGS
CORPORATION

ACC'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE

## CERTIFICATE OF SERVICE

I, Sarah A. Syed, hereby certify that on this 10th day of November 2014, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Sarah A. Syed
Sarah A. Syed

BN 17292998v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

ACC'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE